IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| RESORTS WORLD AT SENTOSA PTE LTD., <br><br> Plaintiff, <br><br> vs. <br><br> MICHELLE MAI CHAN, <br><br> Defendant. | CV. NO. 15-00499 DKW-KJM <br><br> **ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS AND (2) DENYING PLAINTIFF'S MOTION TO STRIKE AS MOOT** |

**ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS AND (2) DENYING PLAINTIFF'S MOTION TO STRIKE AS MOOT**

This case concerns the recognition and enforcement of a Singapore Judgment in favor of Plaintiff Resorts World At Sentosa Pte Ltd. ("RWS") against Defendant Michelle Mai Chan. Before the Court is Chan's Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process (Dkt. No. 10), and RWS's Motion to Strike New Argument (Dkt. No. 16). Because the Court finds both that service was proper and that it has personal jurisdiction over Chan, Chan's Motion to Dismiss is DENIED. RWS's Motion to Strike is DENIED AS MOOT.

# BACKGROUND

## I.  Singapore Judgment

In 2014, RWS sued Chan in the High Court of the Republic of Singapore to collect on a debt that Chan owed RWS.  *See* Complaint; Ex.1 (Judgment).

On May 13, 2015, the High Court of the Republic of Singapore entered Judgment in favor of RWS against Chan.  Complaint ¶ 5.  The Judgment was for the principal amount of $1,168,450.00 in *Singapore dollars*, or $882,644.79 in United States dollars, plus interest and costs.  *Id.*

## II.  The Instant Case

On December 3, 2015, RWS filed its Complaint seeking recognition of the Singapore Judgment as a foreign-country judgment under 658F-6 of the Hawaiʻi Uniform Foreign Country Money-Judgments Recognition Act (**"HUFCMJRA"**), Haw. Rev. Stat. §§ 658F-1. *et seq*.  RWS alleges that "Defendant is a United States citizen, U.S. Passport No. [redacted],  a citizen of the State of Hawaiʻi, and a resident of the County of Honolulu."  Complaint ¶ 2.  RWS also alleges that the Singapore Judgment is final and conclusive between RWS and Chan, and was rendered under a system that provides impartial tribunals or procedures compatible with the requirements of due process of law.  Complaint ¶¶ 7, 10.  RWS further claims that the High Court of the Republic of Singapore had personal jurisdiction

over the Defendant, and had subject matter jurisdiction over the matter resulting in the Singapore Judgment.  Complaint ¶¶ 12, 13.

On January 19, 2016, Chan filed the instant motion to dismiss for lack of personal jurisdiction and for insufficient service of process.  *See* Dkt. No. 10. Chan argues that, on the face of the Complaint, RWS has not shown that the Singapore court established personal jurisdiction over Chan by means of effective service of process there, which she argues is a necessary prerequisite to establishing the validity of the Singapore judgment.  Mem. in Supp. at 1-2.  In addition, Chan argues that this Court lacks general and specific jurisdiction over her because the underlying controversy in Singapore has no connection to Hawaiʻi, and because Chan is not a resident of Hawaiʻi.  *Id.* at 7-8.  Finally, Chan argues that RWS failed to satisfy any of the bases for service of process set forth in Federal Rule of Civil Procedure 4(e).  *Id.* at 9-11.

RWS argues that the HUFCMJRA places the burden of proving non-recognition of the Singapore judgment upon Chan, and Chan failed to prove any basis for non-recognition of the Singapore Judgment.  Opposition at 14-20.  RWS also argues that both the Singapore Court and this Court have jurisdiction over this recognition action.  Opposition at 20-33.  RWS also argues that it substantially complied with the service of process requirements of Rule 4.  Opposition at 33-42.

In her reply, Chan argues that, because the Complaint is based on diversity of citizenship under 28 U.S.C. § 1332(a)(1), this Court lacks jurisdiction, as Chan is a citizen of Vietnam and a resident of China.  Reply at 3-4.  Chan also argues this Court lacks *in rem* jurisdiction over Chan's property, as alleged in RWS's Opposition.  *Id.* at 5-6.

### III.   <u>RWS's Motion to Strike New Argument</u>

On March 1, 2016, RWS filed a Motion to Strike New Argument.  Dkt. No. 16 ("Mtn. to Strike").  RWS asks the Court to strike Chan's argument regarding the lack of subject matter jurisdiction raised for the first time in the reply, pursuant to Local Rule 7.4.  Mtn. to Strike at 1-4.  Chan argues that she did not address any arguments other than those in RWS's Opposition.  Opp. Mtn. to Strike at 4.  RWS argues that Chan's subject matter jurisdiction argument does not trump Local Rule 7.4 preventing parties from raising an issue for the first time in a reply brief.  RWS Reply Mem. at 4-5.  RWS also argues that Chan's factual attack on subject matter jurisdiction is unsustainable.  RWS Reply Mem. at 5-8.  Alternatively, RWS seeks leave to conduct jurisdictional discovery to confirm this Court's subject matter jurisdiction.  RWS Reply Mem. at 8-10.

## STANDARDS OF REVIEW

### I.   Personal Jurisdiction

A plaintiff has the burden of establishing personal jurisdiction over a defendant. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995); *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984). When a motion to dismiss is brought prior to discovery, a plaintiff is required "only to make a prima facie showing" of jurisdiction. *Kowalski v. Integral Seafood LLC*, 2007 WL 1376378, at *2 (D. Haw. May 4, 2007). "In determining whether a plaintiff has made a prima facie showing of jurisdictional facts, the court must accept uncontroverted allegations in a complaint as true, even if unsupported by any evidence in the record before the court." *Resnick v. Rowe*, 283 F. Supp. 2d 1128, 1132 (D. Haw. 2003). "If the defendant presents evidence to contradict the allegations in the complaint, the plaintiff must go beyond the pleadings and present affirmative proof of personal jurisdiction through affidavits and declarations. Conflicts between the parties' affidavits and other discovery materials must be resolved in favor of the plaintiff for purposes of deciding whether a prima facie case for personal jurisdiction exists." *Id.* (citations omitted).

## II.   <u>Service of Process</u>

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move for dismissal for insufficient service of process.  *See* Fed. R. Civ. P. 12(b)(5).  "The burden is on the party claiming proper service to establish valid service." *Taniguchi v. Native Hawaiian Office of Atty. Gen.,* 2009 WL 1404731, at *2 (D. Haw. May 15, 2009).

## III.   <u>RWS's Motion to Strike New Argument</u>

RWS brings its Motion under Federal Rule of Procedure 12(f).  Under Rule 12(f) , a court has discretion to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Liberty Mut. Ins. Co. v. Sumo-Nan LLC*, 2015 WL2449480, at *3 (D. Haw. May 20, 2015) (internal citation omitted).

## <u>DISCUSSION</u>

The Court addresses Chan's arguments regarding personal jurisdiction, service of process, and the validity of the Singapore Judgment.

## I.  **Personal Jurisdiction**

Chan contends that this Court lacks general and specific jurisdiction over her.  "A court may exercise general jurisdiction over a defendant when the defendant is a resident or domiciliary of the forum state, or the defendant's contacts with the forum state are continuous, systematic, and substantial." *Resnick v. Rowe*, 283 F. Supp. 2d 1128, 1135 (D. Haw. 2003) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984)).

On the face of its Complaint, RWS makes a prima facie showing of jurisdiction over Chan.  Specifically, RWS alleges that "[t]he Defendant is a United States citizen, U.S. Passport No. [redacted], a citizen of the State of Hawai'i, and a resident of the County of Honolulu."  Complaint ¶ 2.

In the Motion to Dismiss, Chan argues that her nationality is Vietnamese and her residence is in Macau, China.  Mem. in Supp. at 8.  Chan presented evidence to contradict RWS's allegations in the form of declarations by individuals living at the Waianae home that Chan owns who deny that Chan lives or lived at that address, or that she is a Hawaii resident at all.  *See* Declaration of Bienvenido Domingo, Jr. ("BDJ Declaration") at ¶¶ 10-11; Declaration of Bienvenido C. Domingo ("BCD Declaration") at ¶¶ 7-8.

In response, RWS presented sworn evidence of this Court's personal jurisdiction over Chan.  RWS presented the declaration of Anthony Shannon, a civil process server for the State of Hawaii.  *See* Declaration of Anthony Shannon. Shannon declared that when attempting to serve Chan with the Summons and Complaint at Chan's home on Oheohe Street in Waianae, a man answered and identified himself as Ben Domingo.  Shannon Declaration ¶ 5.  When Shannon asked Mr. Domingo if he knew Michelle Chan, Mr. Domingo replied yes, and stated that Michelle Chan was his girlfriend.  *Id.* ¶ 6.  Mr. Domingo also stated that Chan lived with him at that residence in Waianae.  *Id.* ¶ 7.  Mr. Domingo then signed the Proof of Service form to acknowledge service, which Shannon submitted to the Court.  *Id.* ¶¶ 8-9.  RWS also presented a deed showing that Chan purchased and currently owns the house located on Oheohe Street, Waianae, Hawaiʻi 96792.  *See* RWS Mem. in Opposition, Ex. 8 (Deed).

RWS has presented affirmative proof of this Court's jurisdiction over Chan. Mr. Domingo's first representations to process server Anthony Shannon, without any knowledge of this case or any reason to misrepresent the truth, demonstrate that Chan resides at the home she owns in Waianae.  Furthermore, while property ownership alone is insufficient to confer personal jurisdiction, profit-making ventures, such as the leasing of property to renters, can satisfy personal jurisdiction requirements.  *See Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612,

618 (2000) (holding that leasing of property satisfies requirements of general jurisdiction by their "continuous and systematic" nature).  Here, Bienvenido C. Domingo swore he has lived at Chan's house since 2008.  BCD Declaration ¶ 4. Whether or not he pays rent, Chan has legal duties to Domingo, who does not himself appear on the property's deed.  *See* RWS Mem. in Opposition, Ex. 8 (Deed).

Because the Court has personal jurisdiction over Chan, the motion is denied on this basis.[1]

## II.   <u>Service of Process</u>

Chan also argues the Court lacks personal jurisdiction based on RWS's failure to sufficiently serve the Complaint and Summons under Rule 4(e).  The burden is on RWS, the party claiming proper service, to establish as much. *Taniguchi v. Native Hawaiian Office of Atty. Gen.,* 2009 WL 1404731, at *2 (D. Haw. May 15, 2009).  A signed return of service constitutes *prima facie* evidence of valid service, which can be overcome only by strong and convincing evidence. *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007).

Here, Chan presented evidence in the form of declarations of the two men living at the Oheohe Street residence.  Bienvenido Domingo Jr. declared that on

---

[1]To the extent RWS argues that personal jurisdiction over Chan is not required because the instant case is an enforcement action under the HUFCMJRA, this Court does not reach the issue, having already found personal jurisdiction over Chan due to her contacts with Hawai'i.

9

December 15, 2015, a process server served the Complaint and Summons at the residence. BDJ Declaration ¶ 5. Mr. Domingo was asked if he knows Defendant and responded affirmatively. *Id.* ¶ 6. Mr. Domingo declared that he is not Chan's agent or authorized in any way to sign papers on Chan's behalf. *Id.* at ¶ 9; BCD Declaration ¶ 6. Mr. Domingo also declared that he did not understand that the papers he was given were for a lawsuit. BDJ Declaration ¶ 8.

Bienvenido C. Domingo also lives at the Oheohe Street residence. BCD Declaration at ¶ 4. Like his father, Bienvenido C. Domingo declared that he is not an agent for Chan and does not have any authority to accept or sign documents on her behalf. *Id.* ¶ 5. Both Domingos asserted that Chan does not, and has never lived at, the Oheohe Street residence, and to the best of their knowledge, Chan has never been a resident of the State of Hawai'i at all. BDJ Declaration ¶¶ 10-11; BCD Declaration ¶¶ 7-8.

In response, RWS submitted the Declaration of Anthony Shannon, the civil process server who served the Complaint and Summons and submitted a Proof of Service, in which he attested to serving Chan by leaving a copy of the Summons and Complaint at Chan's house with a person of majority age. *See* Shannon Decl. ¶¶ 3-8. The Proof of Service states that the Complaint and Summons were left at Chan's house with "Ben Domingo," a resident there. *Id.* Ben Domingo wrote his

name and "authorize[d] to accept" on the Proof of Service, and signed and dated the form.  *Id.*

Here, RWS's signed return of service satisfies its prima facie obligations. Although Chan has submitted *some* evidence, in an attempt to rebut RWS's prima facie showing, that evidence is neither strong nor convincing.  Indeed, some of the declarative statements made by the Domingos are suspect, directly contradicting the impromptu statements they made to the process server before having been informed of this lawsuit and prior to being contacted by counsel.  Other statements are made without any foundation or indication of their basis.  The Court therefore finds that service upon Chan was valid and sufficient, and the motion to the contrary is denied.

### III.   <u>Validity of the Singapore Judgment</u>

Chan argues that neither the underlying Singapore Judgment nor the Complaint in this case establish that Chan had been properly served and had a meaningful opportunity to appear before the Singapore court.  Mem. in Supp. at 3.

The HUFCMJRA provides that "[a] court of this State need not recognize a foreign-country judgment if . . . [t]he defendant in the proceeding in the foreign court did not receive notice of the proceeding in sufficient time to enable the defendant to defend . . . ."  Haw. Rev. Stat. § 658F-4(c)(1).

Here, RWS has provided ample evidence demonstrating that Chan was sufficiently served with process with respect to the Singapore proceedings before entry of the Judgment. RWS showed that personal service was attempted twice at Chan's Hong Kong address, by publication in two daily Hong Kong newspapers, any by mailing copies of the Writ of Summons, the Statement of Claim, and the Order of Substituted Service to Chan at her Hong Kong address, all with the approval of and supervision by the Singapore court. Declaration of Shankar s/o Angammah Sevasamy ¶¶ 4, 5, 7, 10-11; *see also* Affidavit of Mak Yan Yan Winnie; Affirmation of Chan Chi Keung. She fails to muster any rebuttal to this substantial showing by RWS, suggesting that this contention is no longer being advanced.

Chan received notice of the Singapore action, which allowed her more than sufficient time to defend before the Singapore Court. Accordingly, Chan's Motion to Dismiss on this ground is DENIED.

## IV. RWS's Motion to Strike

RWS contends that Chan improperly raised the issue of *subject matter* jurisdiction for the first time in her Reply Memorandum, which RWS argues should therefore be stricken.

There is no merit, however, to an alleged lack of subject matter jurisdiction based on diversity. As noted above, Chan's passport and the deed for her solely-

owned home in Hawaiʻi affirmatively establish that she is a United States citizen with her residence in Hawaiʻi, thereby demonstrating citizenship diverse from RWS, a Singapore corporation.   In the face of this evidence, Chan has submitted nothing but unsupported argument.   Accordingly, RWS's Motion to Strike New Argument is DENIED AS MOOT.

## CONCLUSION

Because the Court has personal jurisdiction over Chan with respect to each claim in the Complaint, and because service of process in both Singapore and Hawaiʻi was sufficient, Chan's motion to dismiss is DENIED.  RWS's motion to strike is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: April 18, 2016 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

Resorts World at Sentosa Pte Ltd. v. Chan; CV 15-00499 DKW-KJM; ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS AND (2) DENYING PLAINTIFF'S MOTION TO STRIKE AS MOOT