IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| RESORTS WORLD AT SENTOSA PTE LTD.,<br><br>        Plaintiff,<br><br>    vs.<br><br>MICHELLE MAI CHAN,<br><br>        Defendant. | CV. NO. 15-00499 DKW-KJM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON ENFORCEMENT OF FOREIGN MONEY JUDGMENT** |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON ENFORCEMENT OF FOREIGN MONEY JUDGMENT**

**INTRODUCTION**

Defendant Michelle Mai Chan incurred gambling debts to Plaintiff Resorts World at Sentosa Pte Ltd. ("RWS") in 2010. RWS now seeks to enforce a foreign-country money judgment entered against Chan for the unpaid debts by the High Court of the Republic of Singapore in 2015 ("Singapore Judgment"). The parties dispute whether, under Singapore law, the default judgment entered against Chan is final for purposes of enforcement under the Hawaii Uniform Foreign-Country Money Judgments Recognition Act, Hawaii Revised Statutes ("HRS") § 658F-1 *et*

*seq.* Because the Singapore Judgment is final, conclusive, and enforceable under Singapore law, RWS is entitled to summary judgment.

## BACKGROUND

### I.     Singapore Judgment

In 2014, RWS sued Chan in the High Court of the Republic of Singapore to collect on a debt that Chan owed RWS.  5/3/16 Declaration of Shankar Angammah Sevasamy ("5/3/16 Sevasamy Decl.") ¶ 2.  On May 13, 2015, the High Court of the Republic of Singapore entered default judgment in favor of RWS and against Chan, pursuant to Order 13 of the Singapore Rules of Court.  The judgment was for the principal amount of $1,168,450.00 in Singapore dollars, plus interest and costs.  Singapore Judgment, attached as Ex. 1 to Complaint (Dkt. No. 1-2).  Once entered, Chan could have sought to set aside the Singapore Judgment in the Singapore Courts, but never did so.  5/3/16 Sevasamy Decl. ¶ 5; *see also* Declaration of Lim Yin Sin Daniel ("Lim Decl.") ¶ 6 (authenticating copy of Order 13).

### II.    RWS Enforcement Action

On December 3, 2015, RWS filed its Complaint seeking recognition and enforcement of the Singapore Judgment as a foreign-country money judgment under Section 658F-6 of the Hawaii Uniform Foreign-Country Money Judgments Recognition Act, HRS § 658F-1 *et seq.* ("Hawaii Recognition Act").  The Court

previously ruled that the High Court of the Republic of Singapore had both personal jurisdiction over Chan and had subject matter jurisdiction over the matter, resulting in the Singapore Judgment. *See* 4/18/16 Order (Dkt. No. 28). RWS now seeks summary judgment in order to recognize and enforce its foreign-country money judgment against Chan.[1]

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

A court may grant summary judgment in an action seeking to recognize and enforce a foreign-country money judgment. *See Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984 (9th Cir. 2013) (affirming summary judgment in favor of plaintiff in action seeking enforcement of Japanese money judgment under California's Uniform Foreign–Country Money Judgments Recognition Act).

---

[1] The Court acknowledges that the terms "recognition" and "enforcement" are distinct, but primarily refers to enforcement of the Singapore Judgment throughout, as the distinction is not pertinent for purposes of this order. *See Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 987 (9th Cir. 2013) (citing Restatement (Third) of Foreign Relations Law § 481 cmt. b (1987)) ("Recognition of a judgment is a prerequisite to its enforcement. In recognizing a judgment, a court acknowledges that a matter has been conclusively adjudicated and that the judgment may have preclusive effect. In enforcing a judgment, a court 'uses its coercive powers to order the relief granted by the foreign court.' Office of the Chief Counsel for International Commerce, U.S. Dep't of Commerce, Recognition and Enforcement of Foreign Money Judgments http://www.osec.doc.gov/ogc/occic/refmj.htm (last visited May 29, 2013).").

Pursuant to Federal Rule of Civil Procedure 44.1, the Court "treats foreign law determinations as questions of law, not fact." *de Fontebrune v. Wofsy*, No. 14-5790, slip op. at 9, 2016 WL 5349749, at *3 (9th Cir. Sept. 26, 2016).

## DISCUSSION

### I. Recognition And Enforcement Of The Singapore Judgment

For purposes of summary judgment, the material facts concerning the recognition of the Singapore Judgment are not contested. The parties dispute only whether the Singapore Judgment, a default judgment entered pursuant to Order 13, Rule 1 of the Singapore Rules of Court, is final, conclusive, and enforceable under the law of Singapore. Because the Court concludes that it is, RWS' motion for summary judgment in GRANTED.

#### A. Hawaii Recognition Act Framework And Findings

Under the Hawaii Recognition Act, the Court "shall recognize a foreign-country judgment" where the requirements of the Act are met. HRS § 658F-4(a).

Section 658F-3 provides the following framework:

> (a) Except as otherwise provided in subsection (b), this chapter applies to a foreign-country judgment to the extent that the judgment:
>
>> (1) Grants or denies recovery of a sum of money; and
>> (2) Under the law of the foreign country where rendered, is final, conclusive, and enforceable.
>
> * * * *

> (c) A party seeking recognition of a foreign-country judgment has the burden of establishing that this chapter applies to the foreign-country judgment.

HRS § 658F-3.[2] RWS has met this burden here.

---

[2]On the other hand, the statute provides the following mandatory and discretionary grounds for nonrecognition:

> (b) A court of this State may not recognize a foreign-country judgment if:
>
>> (1) The judgment was rendered under a judicial system that does not provide impartial tribunals or procedures compatible with the requirements of due process of law;
>> (2) The foreign court did not have personal jurisdiction over the defendant; or
>> (3) The foreign court did not have jurisdiction over the subject matter.
>
> (c) A court of this State need not recognize a foreign-country judgment if:
>
>> (1) The defendant in the proceeding in the foreign court did not receive notice of the proceeding in sufficient time to enable the defendant to defend;
>> (2) The judgment was obtained by fraud that deprived the losing party of an adequate opportunity to present its case;
>> (3) The judgment or the cause of action on which the judgment is based is repugnant to the public policy of this State or of the United States;
>> (4) The judgment conflicts with another final and conclusive judgment;
>> (5) The proceeding in the foreign court was contrary to an agreement between the parties under which the dispute in question was to be determined otherwise than by proceedings in that foreign court;
>> (6) In the case of jurisdiction based only on personal service, the foreign court was a seriously inconvenient forum for the trial of the action;
>> (7) The judgment was rendered in circumstances that raise substantial doubt about the integrity of the rendering court with respect to the judgment; or
>> (8) The specific proceeding in the foreign court leading to the judgment was not compatible with the requirements of due process of law.

The Singapore Judgment states:

> JUDGMENT UNDER O 13
>
> No appearance having been entered by the defendant(s) herein, it is this day adjudged that the defendant(s) do pay the plaintiff(s):
>
> 1. the sum of S$1,168,450.00;
>
> 2. interest in the sum of S$189,898.10 as attached in the Appendix herein pursuant to Clause (j) of the terms and conditions of the Credit Agreement and the Credit Facility Amendments until the date of judgment;
>
> 3. costs and disbursements of S$13,562.58.

Singapore Judgment at 1.

First, the Singapore Judgment grants RWS recovery of a sum of money in the amount of Singapore $1,168,450.00, interest in the sum of Singapore $189,898.10, and costs and disbursements of Singapore $13,562.58, which RWS calculates as totaling Singapore $1,371,910.00. *See* Singapore Judgment; RWS Mem. in Supp. at 2, 6 (calculating judgment amount).

---

HRS § 658F-4(b)-(c). Under HRS § 658F-4(d), any "party resisting recognition of a foreign-country judgment has the burden of establishing that a ground for nonrecognition stated in subsection (b) or (c) exists." Chan does not raise any of these grounds in opposition to the motion for summary judgment. Moreover, for the reasons set forth in the motion and the uncontroverted 5/3/16 Sevasamy Declaration, the Court finds no genuine issue of material fact with respect to the grounds listed in Section 658F-4(b) or (c) that would prevent the entry of summary judgment.

Second, as discussed more fully below, the Singapore Judgment is final, conclusive, and enforceable under the law of the foreign country where rendered.[3] The Court previously ruled that the High Court of the Republic of Singapore had both personal jurisdiction over Chan and subject matter jurisdiction over the matter, resulting in the Singapore Judgment. *See* 4/18/16 Order (Dkt. No. 28); HRS § 658F-4(b). Accordingly, the Singapore Judgment is enforceable under the Hawaii Recognition Act.

### B. The Singapore Judgment Is Final, Conclusive, And Enforceable

The parties do not dispute that RWS obtained the Singapore Judgment pursuant to Order 13, Rule 1 of the Singapore Rules of Court. Order 13 provides that a plaintiff may "enter final judgment against that defendant" if defendant fails to enter an appearance in "the time limited for appearing." *See* Lim Decl. Ex. 3; Declaration of Low Wan Kwong Michael ("Low Decl.") Ex. A. That is, by its very terms, Order 13 describes a default judgment as a "*final* judgment" against a non-appearing defendant, such as Chan.

---

[3] Under the uniform law upon which the Hawaii Recognition Act is modeled:

> A judgment is final when it is not subject to additional proceedings in the rendering court other than execution. A judgment is conclusive when it is given effect between the parties as a determination of their legal rights and obligations. A judgment is enforceable when the legal procedures of the state to ensure that the judgment debtor complies with the judgment are available to the judgment creditor to assist in collection of the judgment.

Uniform Foreign-Country Money Judgments Recognition Act, 13 U.L.A. 261 § 3 cmt. 3 (1986) ("UFCMJRA"); *see also* HRS § 658F-1 ("This chapter may be cited as the Uniform Foreign-Country Money Judgments Recognition Act.").

Chan, however, argues that a default judgment obtained under Order 13 is not regarded as final, conclusive, and enforceable under Singapore law because it is not a judgment on the merits entered by consent of the parties. *See* Mem. In Opp. at 8-9 (citing *Goh Nellie v. Goh Lian Teck and others*, [2007] 1 SLR (R) 453 at ¶ 28 (High Court of Singapore Nov. 22, 2006)). She contends that, because the Singapore Judgment is a default judgment, she has the right to seek to set it aside, and, therefore, it is not final and conclusive.

Under Singapore law, a default judgment is final even though subject to modification or variance. Chan points to Order 13, Rule 8, which provides that a "Court may, on such terms as it thinks just, set aside or vary any judgment entered in pursuance of this Order." *See* Lim Decl. Ex. 3 at 14. Under the applicable law of Singapore,[4] however, default judgments are "final and conclusive" until set aside:

> In the case of *Vanquelin v Bouard* (1863) 15 CB (NS) 341; 143 ER 817 the defendant there sought to resist, in the Court of Common Pleas, the enforcement of a French default judgment that could be set aside as soon as the defendant entered an appearance according to French law. Erle CJ made it clear that until the defendant took steps to set it aside, the default

---

[4]*See* LAWS OF SINGAPORE, The Singapore Legal System, Reception of English Law § 1.2.35 ("The Application of the English Law Act states that the common law of England (including the principles and rules of equity), so far as it was part of the law of Singapore before 12 November 1993, shall continue to be part of the law of Singapore. Section 3 of the Act provides that the common law, however, shall continue to be in force in Singapore as long as it is applicable to the circumstances of Singapore and subject to such modifications as those circumstances may require.").

8

> judgment was final and conclusive for the purpose of bringing an action in England (at ER 828):
>
>> The twelfth plea, to the first count, alleges that the judgment in the first count mentioned was a judgment by default for want of an appearance by the defendant in the court of the Tribunal of Commerce, and by the law of France would become void as of course on an appearance being entered.  I apprehend that every judgment of a foreign court of competent jurisdiction is valid, and may be the foundation of an action in our courts, though subject to the contingency, that, *by adopting a certain course, the party against whom the judgment is obtained might cause it to be vacated or set aside.  But, until that course has been pursued, the judgment remains in full force and capable of being sued upon.*  The Plaintiff, therefore, must have judgment on the demurrer to this plea.

*Bellezza Club Japan Co Ltd v Matsumura Akihiko and others* [2010] SGHC 94. *See also* Dicey, Morris & Collins, *The Conflict of Laws* 577 (Sweet & Maxwell, 14th ed. 2006) ("[A] default judgment may, in this sense, be final and conclusive, even though it is liable to be set aside, in the very court which rendered it.") (citing *Vanquelin v Bouard* (1863) 15 CB (N.S.) 341, 367-368).

Here, default judgment was entered against Chan and is "final and conclusive" until set aside in Singapore – it "remains in full force and capable of being sued upon." *See Bellezza Club Japan Co.* at 23.  To accept Chan's argument to the contrary would lead to the absurd result that no default judgment would ever be final or enforceable.  Such a rule would create a perverse disincentive under which no defendant would ever defend or appear in Singapore courts because a

resulting default judgment would be indefinitely interlocutory and incapable of being enforced. This cannot be the case.

Chan, moreover, has admittedly failed to even seek to set aside, modify, or vary the Singapore Judgment, despite the sixteen months that have passed since its May 2015 entry. While the parties agree that Order 13, Rule 8 contains no explicit time limit for setting aside or varying a default judgment, an application to set aside default "should be made promptly." *See* Lim Decl. Ex. 3 at 14 (13/8/3 "Application to set aside regular judgment in default"). That standard can no longer be met, given the passage of time, nor has Chan provided any reason for her failure. *See Ohno*, 723 F.3d at 991.

Because Chan has not so much as applied to have the Singapore Judgment set aside, it is final and conclusive under Singapore law. *See* Low Decl. ¶ 7.[5] The Singapore Judgment is also capable of being enforced against Chan in Singapore pursuant to Order 45, Rule 1 of the Singapore Rules of Court because the judgment resolved the entire claim. Low Decl. ¶ 8; Ex. C (Order 45, Rule 1).

---

[5] Chan does not have the right to appeal the default judgment – her only remedy is an application to set it aside. Low Decl. ¶ 7.

In sum, the Singapore Judgment is final, conclusive, and enforceable under Singapore law. RWS has satisfied the requirements of HRS § 658F-3(a), and none of the grounds for non-recognition set forth in HRS § 658F-4(b) or (c) apply. Accordingly, RWS is entitled to summary judgment.

## II. Pre- And Post-Judgment Interest

RWS requests that the Singapore Judgment be converted into U.S. dollars,[6] at the rate in effect on May 13, 2015, the date of the original judgment.[7] The Court grants the unopposed request.

RWS also requests pre- and post-judgment interest. The Singapore Court included pre-judgment interest in its final judgment. Singapore Judgment at 1, 20-

---

[6] *See* RESTATEMENT (THIRD) OF THE FOREIGN RELATIONS LAW OF THE UNITED STATES § 823(1) (1987) ("Restatement") ("Courts in the United States ordinarily give judgment on causes of action arising in another state, or denominated in a foreign currency, in United States dollars, but they are not precluded from giving judgment in the currency in which the obligation is denominated or the loss was incurred."). According to the Restatement, "a judgment in a foreign currency should be issued only when requested by the judgment creditor[.]" Restatement § 823 cmt. b. *See also Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria*, 932 F. Supp. 2d 153, 157-58 (D.D.C. 2013), *aff'd*, 603 F. App'x 1 (D.C. Cir. 2015) ("Conversion of such foreign currency amounts into dollars at judgment is the norm, rather than the exception."); *Elite Entertainment, Inc. v. Khela Bros. Entertainment Inc.*, 396 F. Supp. 2d 680, 694 (E.D. Va. 2005) ("[C]ourts ... agree that entering judgment in a foreign currency is strongly disfavored.").

[7] Because this cause of action arises under the Hawaii Recognition Act, the Court applies the exchange rate from the date the cause of action accrued – May 13, 2015 – the date the Singapore Judgment issued. *See Cont'l Transfert Technique Ltd.*, 932 F. Supp. 2d at 161-62 (holding in action under Federal Arbitration Act and Uniform Foreign–Money Judgment Recognition Act that, "[b]ecause [plaintiff] had a cause of action under U.S. law as soon as the arbitral award issued, the 'breach day' rule applies"). *See also Yukos Capital S.A.R.L. v. Samaraneftegaz*, 592 F. App'x 8, 12 (2d Cir. 2014) ("As for the conversion date, under federal law, the pertinent date is determined by the law creating the relevant cause of action. If the cause of action arose under domestic law, the exchange rate from the date the cause of action accrued should be used. *See Hicks v. Guinness*, 269 U.S. 71, 80–81, 46 S.Ct. 46, 70 L.Ed. 168 (1925).").

21. Accordingly, in granting summary judgment with respect to the enforcement of the Singapore Judgment, pre-judgment interest is necessarily included.

Post-judgment interest[8] accrues from the date of judgment of this Court at the rate of interest specified in 28 U.S.C. § 1961(a).[9] RWS' unopposed request for post-judgment interest is GRANTED.

## CONCLUSION

On the basis of the foregoing, the Court hereby GRANTS the motion for summary judgment, thereby recognizing and enforcing the Singapore Judgment against Chan for the following amounts converted to U.S. Dollars:

1. Damages in the amount of Singapore $1,168,450.00, which equates to United States $882,644.79 as of the date of the Singapore Judgment;

---

[8] Post-judgment interest is determined by federal law. *Northrop Corp. v. Triad Int'l Mktg., S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988); *Jou v. Adalian*, 2015 WL 477268, at *7 n.7 (D. Haw. Feb. 5, 2015).

[9] This section provides:

> (a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.

28 U.S.C. § 1961(a).

2.     Pre-judgment interest in the sum of Singapore $189,898.10, as provided in the Singapore Judgment, which equates to United States $143,448.64 as of the date of the Singapore Judgment; and

3.     Costs and disbursements in the sum of Singapore $13,562.58, which equates to United States $7,349.77 as of the date of the Singapore Judgment.

4.     The request for post-judgment interest from the date of judgment entered under this motion at the rate specified in 28 U.S.C. § 1961(a) is GRANTED.

IT IS SO ORDERED.

Dated: September 28, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Resorts World at Sentosa Pte Ltd. v. Chan; CV 15-00499 DKW-KJM; **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON ENFORCEMENT OF FOREIGN MONEY JUDGMENT**